IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARIANNE N., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, O.N., I.T., A.G., *Appellees.*
No. 1 CA-JV 16-0085
FILED 10-4-2016

Appeal from the Superior Court in Coconino County
No. S0300JD20090008
The Honorable Margaret A. McCullough, Judge

**AFFIRMED**

COUNSEL

Harris & Winger, Flagstaff
By Chad Joshua Winger
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellee Department of Child Safety*

**OPINION**

Presiding Judge Kenton D. Jones delivered the Opinion of the Court, in which Judge Randall M. Howe and Judge Donn Kessler joined.

**J O N E S**, Judge:

¶1        Marianne N. (Mother) appeals the termination of her parental rights to O.N., I.T., and A.G. (the Children).   Contrary to Mother's arguments, Arizona Rule of Procedure for the Juvenile Court 64(C), which permits the juvenile court to deem a parent's failure to appear at a pretrial conference without good cause a waiver of the opportunity to contest the allegations of a pending termination motion, is a proper exercise of judicial authority and therefore constitutional.  Mother also failed to show the trial court erred in finding she did not establish good cause for her failure to appear at the pretrial conference and that severance is in the Children's best interests.  Accordingly, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        In February 2015, DCS filed a petition alleging the Children were dependent as to Mother on the grounds of neglect and substance abuse.[2]   After a contested hearing, the juvenile court adjudicated the Children dependent as to Mother in June 2015 and approved a case plan of family reunification concurrent with severance and adoption.   Mother's participation in services was inconsistent; she also continued to minimize DCS's concerns regarding her substance abuse, history of domestic violence, and mental health and, on the rare occasion she participated in drug testing, tested positive for methamphetamine.

¶3        In November 2015, the case plan was changed to severance and adoption.  DCS then moved to terminate Mother's parental rights on the grounds of neglect, substance abuse, and the length of time the Children had been in an out-of-home placement.  *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(2), (3), (8).[3]

---

[1]        We view the facts in the light most favorable to upholding the juvenile court's order terminating parental rights.  *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010) (citing *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008)).

[2]        The petition also alleged the Children were dependent as to their fathers on grounds of neglect, abandonment, domestic violence, and/or lengthy incarceration, but the fathers are not parties to this appeal.

[3]        Absent material changes from the relevant date, we cite a statute's current version.

**¶4** At the initial severance hearing, the juvenile court set a mediation and pretrial conference for January 20, 2016 and advised Mother both orally and in writing of the consequences if she failed to attend the initial severance hearing, pretrial conference, or termination hearing without good cause. Mother received, signed, and returned the Form 3: Notice to Parent in Termination Action, which correctly identified the date and time of the conference. However, Mother was not present at 1:00 p.m. when the January 20 mediation began. Although Mother attempted to call into the pretrial conference thirty minutes after it commenced, she had not received permission to appear telephonically, and the court did not allow her to participate by phone.

**¶5** Through counsel, Mother reported having been given a handwritten piece of paper at the initial severance hearing indicating the pretrial conference was scheduled for January 27, 2016. The juvenile court noted the Form 3 Mother signed and returned contained the correct date and time for the conference, determined Mother did not have good cause for her failure to appear in person as ordered, and proceeded in her absence.

**¶6** After receiving exhibits and testimony from the DCS case worker, the juvenile court found DCS had proven all three statutory grounds for severance by clear and convincing evidence and that severance was in the Children's best interests by a preponderance of the evidence. Accordingly, the court entered an order terminating Mother's parental rights to the Children. We have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

### I. Rule 64(C) is Constitutional.

**¶7** Mother first argues Arizona Rule of Procedure for the Juvenile Court 64(C), which authorizes the juvenile court to proceed on a motion for termination of parental rights when a parent fails to appear at a pretrial conference, is unconstitutional because it is an improper exercise of our supreme court's rule-making authority. We review constitutional issues *de novo*, *see In re Andrew C.*, 215 Ariz. 366, 367, ¶ 6 (App. 2007) (citation omitted), noting the burden of proving unconstitutionality rests with Mother, *Planned Parenthood Ariz., Inc. v. Am. Ass'n of Pro-Life Obstetricians & Gynecologists*, 227 Ariz. 262, 268, ¶ 9 (App. 2011) (citing *Ariz. Dep't of Pub. Safety v. Superior Court (Falcone)*, 190 Ariz. 490, 494 (App. 1997)).

¶8            Proceedings for the termination of parental rights may be initiated by motion if the child is dependent and the juvenile court finds a case plan of severance and adoption is in the child's best interests, A.R.S. § 8-862(D); Ariz. R.P. Juv. Ct. 64(A), or by petition if the child is not dependent, Ariz. R.P. Juv. Ct. 64(B); *see* A.R.S. § 8-533(A).  With regard to hearings to terminate parental rights, A.R.S. § 8-863(C) states:

> If a parent does not appear at the hearing, the court, after determining that the parent has been served as provided in subsection A of this section, may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the failure to appear.    The court may terminate the parent-child relationship as to a parent who does not appear based on the record and evidence presented as provided in rules prescribed by the supreme court.

Rule 64(C) contains a similar provision permitting the court to consider the parent's failure to appear without good cause as a waiver of the opportunity to contest the allegations of the petition.  Rule 64(C) also allows waiver to be found if the parent fails to appear at an initial severance hearing, pretrial conference, or status conference.  *See also Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 100, ¶ 12 (App. 2007) (interpreting Rule 64(C) to authorize the juvenile court to terminate the parental rights of a parent who fails to appear without good cause for a status conference on a pending motion for termination).  Mother argues Rule 64(C)'s expansion beyond the circumstances specifically identified in A.R.S. § 8-863(C) violates separation of powers principles.

¶9            The Arizona Constitution divides the powers to create, enforce, and interpret law among the legislative, executive, and judicial branches, respectively, mandating that "such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others."  Ariz. Const. art. 3.  As applicable here, our supreme court is granted the exclusive "[p]ower to make rules relative to all procedural matters in any court."  Ariz. Const. art. 6, § 5; *see also State v. Blazak*, 105 Ariz. 216, 217 (1969).

¶10            The line between the legislature's enactment of substantive law and the court's adoption of procedural rules is not always clear.  *See, e.g., Andrews v. Willrich*, 200 Ariz. 533, 535, ¶ 7 (App. 2001) ("[A]n unyielding separation of powers is impracticable in a complex government, and some blending of powers is constitutionally acceptable.") (citations

omitted).  Although the legislature may enact "supplementary provisions to court-devised procedural rules," in the event of a conflict in procedure, our supreme court's rules control.  *Pompa v. Superior Court*, 187 Ariz. 531, 534 (App. 1997) (citations omitted).  Likewise, our supreme court is prohibited from altering the substantive law created by statute.  *Daou v. Harris*, 139 Ariz. 353, 357-58 (1984); *see also Brush Wellman, Inc. v. Lee*, 196 Ariz. 344, 348, ¶ 12 (App. 2000).  The distinction between substantive rights and procedural rules is not pristine or capable of definition in the abstract. It has, however, been described as follows:

> [S]ubstantive law is that part of the law which creates, defines and regulates rights; . . . procedural law is that which prescribes the method of enforcing the right or obtaining redress for its invasion.  It is often said the [procedural] law pertains to and prescribes the practice, method, procedure or legal machinery by which the substantive law is enforced or made effective.

*State v. Birmingham*, 96 Ariz. 109, 110 (1964) (citations omitted).

**¶11**        Mother argues "the substantive scope wherein one may be deprived of [her] substantive legal right to one's natural child for failure to appear in court" has been authorized in A.R.S. § 8-863(C) only when the parent fails to appear at the termination hearing itself, and Rule 64(C) impermissibly alters the substantive law by authorizing the juvenile court to proceed in her absence based upon a failure to appear at a pretrial conference.  Mother, however, misunderstands the effect of her failure to appear under Rule 64(C).

**¶12**        A parent's absence from a pretrial proceeding does not automatically result in the termination of her parental rights.  *See Tina T. v. Dep't of Child Safety*, 236 Ariz. 295, 299, ¶ 16 (App. 2014) (noting the Arizona Rules of Procedure for the Juvenile Court protect a parent from losing parental rights solely upon the basis that she does not contest the allegations of the petition) (citing *In re Brittany Ann H.*, 607 N.W.2d 607, 619, ¶ 52 (Wis. 2002)).  Rather, it results in a waiver of the parent's opportunity to contest the allegations of the petition.  *See* Ariz. R.P. Juv. Ct. 64(C) (advising a parent that failure to appear without good cause "may result in a finding that the parent . . . has waived legal rights, and is deemed to have admitted the allegations in the motion or petition for termination"); *see also* A.R.S. § 8-863(C) ("If a parent does not appear at the hearing, the court . . . may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the failure to appear.");

*Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 14 (App. 2007) (advising that juvenile courts should not use "default terminology" when a parent fails to appear, but should consider "whether the parent can show 'good cause' . . . and whether, under the circumstances, such failure should constitute a 'waiver of rights'").

**¶13**        Upon concluding the parent has waived those rights, the juvenile court does not simply enter a severance by default, but must still hear testimony, receive evidence, and enter appropriate findings and orders based upon the record. *See* Ariz. R.P. Juv. Ct. 65(C)(6)(c), 66(D)(2), (F); *Tina T.*, 236 Ariz. at 299, ¶ 16 ("[S]imply because parents d[o] not . . . contest a request for termination does not mean their rights are automatically severed.  Instead, the juvenile court must comply with Rule 66(D)(1), which includes determining whether the party seeking termination has presented evidence establishing the existence of a factual basis to support the alleged grounds for termination."); *Manuel M.*, 218 Ariz. at 211-12, ¶¶ 19-20, 23 ("[A] parent's failure to appear does not relieve the juvenile court of its obligation to assess the record and evidence presented and to determine whether the [petitioner] has proven a statutory ground for termination by clear and convincing evidence . . . .") (internal quotations omitted).  The parent retains her rights, through counsel, to attend and participate in the termination hearing, pose evidentiary objections, cross-examine witnesses, and present evidence relevant to the child's best interests. *See Christy A.*, 217 Ariz. at 306, ¶ 24 ("[A] finding of waiver of rights[] precludes Mother from affirmatively presenting testimony or other documentary evidence to contest the statutory bases for termination, but the requirement of fair procedures mandates giving Mother the opportunity to remain in the courtroom and participate.  That right of participation includes cross-examination of [DCS]'s witnesses and testifying if she so desires as it relates to the issue of the best interests of the children."); *see also Manuel M.*, 218 Ariz. at 211-12, ¶¶ 20-21, 23.

**¶14**        Rule 64(C) does not create, define, regulate, or alter a person's substantive right to parent; it merely outlines the circumstances by which a parent may waive her ability to contest the allegations of the motion.  And we have routinely held that rules regarding waiver are procedural, not substantive. *See, e.g.*, *Dombey v. Phx. Newspapers, Inc.*, 150 Ariz. 476, 482 (1986); *Azore, L.L.C. v. Bassett*, 236 Ariz. 424, 427, ¶ 7 (App. 2014) ("[W]aiver is a procedural concept . . . .").  We therefore conclude Rule 64(C) is procedural and is not an unconstitutional exercise of judicial authority.

**II.    Mother Failed to Provide Good Cause for Her Failure to Appear.**

¶15        Mother next argues the juvenile court erred in concluding she lacked good cause for her failure to appear at the pretrial conference.  We review the court's finding that a parent lacked good cause for her failure to appear for an abuse of discretion and will reverse only if "the juvenile court's exercise of that discretion was 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Adrian E.*, 215 Ariz. at 101, ¶ 15 (quoting *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 83, ¶ 19 (App. 2005)).

¶16        Mother does not dispute she was properly served with the motion for termination and had previously received notice that her parental rights could be terminated if she failed to attend proceedings without good cause; she argues only that her mistake regarding the date of the hearing was reasonable and excusable.  However, the record reflects Mother signed and returned the Form 3: Notice to Parent in Termination Action, which clearly and correctly listed the date and time of the initial severance hearing.  And, although given the opportunity, Mother never provided any evidence or testimony to support her assertion that she had previously been advised of a different date.  Moreover, Mother has not identified any meritorious defense to the allegations contained in the termination motion.  *See Christy A.*, 217 Ariz. at 305, ¶¶ 18-19 (considering the parent's lack of a meritorious defense in evaluating whether she had good cause for her failure to appear).

¶17        Under these circumstances, Mother has shown no abuse of discretion.  *See, e.g., Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 281-82, ¶¶ 8-9, 11-13 (App. 2010) (affirming both findings of lack of good cause where father reported he was misinformed regarding the time of the hearing and had just finished driving 1100 miles, and where mother argued she had to arrange her own transportation and was only thirty minutes late); *Adrian E.*, 215 Ariz. at 101-02, ¶ 19 (same where parent testified he lost the notice and could not recall the dates set for trial); *Christy A.*, 217 Ariz. at 305, ¶¶ 18-19 (same where DCS caseworker disputed a parent's claim that she had advised the parent the trial had been continued and the parent had no meritorious defense).

**III.    Termination of Mother's Parental Rights Is in the Children's Best Interests.**

¶18        Mother argues the juvenile court erred by failing to make any factual findings to support its conclusion that severance was in the Children's best interests.  *See Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207

Ariz. 43, 47, ¶ 8 (App. 2004) (holding a statutory ground for severance cannot, alone, justify termination of parental rights; termination must also be "in the best interest of the child") (quoting *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000)); *see also* Ariz. R.P. Juv. Ct. 66(C) (requiring the moving party to prove by a preponderance of the evidence that termination of parental rights is in the child's best interests). This argument is not supported by the record.

¶19          Although the juvenile court did not announce its factual findings on the record at the conclusion of the termination hearing, it later issued written findings of fact and conclusions of law. Within that document, the court found "[t]ermination of parental rights would free the children for adoption with a family who would be able to provide them with security and stability in their lives . . . [and] further the plan of adoption." These findings are sufficient to support the best interests determination. *See Mary Lou C.*, 207 Ariz. at 50, ¶ 19 (holding evidence "that the child is adoptable . . . [and] in appropriate foster care/adoption placement" is sufficient to support a best interests finding in a termination order); *Maricopa Cty. Juv. Action No. JS-501904*, 180 Ariz. 348, 352 (App. 1994) (finding a child benefits from severance if it would free the child for an adoption or if the child "would benefit psychologically from the stability an adoption would provide"). Accordingly, Mother has shown no error.

**CONCLUSION**

¶20          The juvenile court's order terminating Mother's parental rights to the Children is affirmed.

