NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

NICOLE M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.N., A.C., N.F., *Appellees*.

No. 1 CA-JV 16-0389
FILED 5-11-2017

Appeal from the Superior Court in Maricopa County
No. JD528801
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Law Office of H. Clark Jones, LLC, Mesa
By Clark Jones
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

---

J O N E S, Judge:

¶1        Nicole M. (Mother) appeals the juvenile court's order denying her motion to set aside its finding she lacked good cause for her failure to appear at a pretrial conference in a severance proceeding. For the following reasons, we affirm.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2        A.N., A.C., and N.F. (the Children) were removed from Mother's care in May 2015 after N.F. was born substance-exposed to methamphetamine. The Department of Child Safety (DCS) immediately filed a petition alleging the Children were dependent as to Mother on the grounds of substance abuse and neglect. Mother contested the allegations of the petition but failed to appear for the dependency hearing. After taking testimony and evidence, the juvenile court found the Children dependent as to Mother and approved a case plan of family reunification.[2]

¶3        Mother began supervised visitation with the Children in December 2015 and behaved appropriately during those visits. However, she continued to test positive for methamphetamine and was closed out of substance abuse testing and treatment services multiple times for non-participation.

---

[1]     We view the facts in the light most favorable to upholding the juvenile court's orders. *See Marianne N. v. Dep't of Child Safety*, 240 Ariz. 470, 471 n.1, ¶ 1 (App. 2016) (citing *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010)).

[2]     Although the Children were also found dependent as to their fathers, and the fathers' parental rights were later terminated, they are not parties to this appeal.

¶4        After learning Mother had failed to fully engage in the recommended services, the juvenile court approved DCS's request to change the case plan to severance and adoption — first as to N.F., and then as to the older children.  DCS filed motions to terminate Mother's parental rights to the Children, alleging severance was warranted based upon Mother's history of chronic abuse of dangerous drugs and the length of time the Children had been in out-of-home care.  *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(3),[3] (8)(a)-(b).

¶5        At a May 2016 hearing, which Mother attended in person, the juvenile court continued the pretrial conference to June 14, 2016.  Mother did not attend the continued hearing.  The court proceeded in her absence, and, after receiving exhibits and testimony from the DCS case manager, found DCS had proved all statutory grounds for severance by clear and convincing evidence and that severance was in the Children's best interests by a preponderance of the evidence.  The court entered an order terminating Mother's parental rights to the Children.

¶6        Mother moved to set aside the termination order, asserting she had good cause for her failure to appear because she was incarcerated at the time of the hearing.  Documents attached to the motion indicated Mother was jailed for a probation violation on May 31, 2016, and was not released until June 27.  At oral argument on the motion, Mother's counsel avowed Mother did not have contact information for her attorney, the juvenile court, or DCS while incarcerated, and, although she advised the jail staff of the court date, "nothing happened."  Thus, counsel posited, Mother acted reasonably in "d[oing] the only thing that she could do, which was come directly to the Court and address this issue [after she was released]."

¶7        After taking the matter under advisement, the juvenile court issued a ruling finding:

> [First], Mother was aware that she could appear telephonically if necessary, as she heard and observed Father appearing telephonically for . . . court proceedings in this matter.  Second, Mother was able to appear telephonically while incarcerated, but chose not to do so, as evidenced by her failure to do so.  Third, Mother has provided no plausible explanation as to why she failed to contact her attorney while

---

[3]        Absent material changes from the relevant date, we cite a statute's current version.

incarcerated, and no explanation as to why she made no effort to call in to this [court] while incarcerated.

The court also stated it was "tak[ing] judicial notice . . . that inmates of the Maricopa County Jail are granted regular telephonic access to counsel in dependency proceedings."

**¶8**        Based upon these considerations, the juvenile court affirmed its conclusion that Mother did not have good cause for her failure to appear. Mother timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(2), and Arizona Rule of Procedure for the Juvenile Court 103(A).  *See M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141 (App. 1990) ("An order denying or granting a motion to set aside a judgment . . . is appealable as a 'special order made after final judgment.'") (citations omitted).

## DISCUSSION

**¶9**        Although the right to the custody and control of one's children is fundamental, it is not absolute.  *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000).  If a parent is properly served with a motion for termination, has notice of a hearing, and is advised of the consequences for failing to appear, but does not appear and no good cause is shown for that failure, the juvenile court may find the parent waived her rights and is deemed to have admitted the statutory bases for termination as alleged in the motion.  *See* A.R.S. § 8-537(C); *see also* Ariz. R.P. Juv. Ct. 65(C)(6)(c); *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶¶ 13-14 (App. 2007).

**¶10**        Mother does not dispute she was properly served with the motion for termination and had previously received notice that her parental rights could be terminated if she failed to attend proceedings without good cause; she only argues the juvenile court erred in concluding she lacked good cause for her failure to appear and violated her due process rights by proceeding with the severance trial in her absence.  Because a parent may waive her right to procedural due process if she fails to appear for certain hearings without good cause, *see Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 211, ¶ 19 (App. 2008) (citing *Ariz. Dep't of Econ. Sec. v. Redlon*, 215 Ariz. 13, 17, ¶ 9 (App. 2007)), the resolution of both issues turns on the court's determination that Mother did not show good cause for her failure to appear.

**¶11**        To show good cause to set aside a termination order, a parent must show both: "(1) mistake, inadvertence, surprise or excusable neglect

exists[,] and (2) a meritorious defense to the claims exists." *Christy A.*, 217 Ariz. at 304, ¶ 16 (citations omitted). Conduct is excusable if it "is such as might be the act of a reasonably prudent person under the same circumstances." *Id.* (quoting *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993)). "We review the court's finding that a parent lacked good cause for her failure to appear for an abuse of discretion and will reverse only if 'the juvenile court's exercise of that discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Marianne N.*, 240 Ariz. at 474, ¶ 15 (quoting *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007)); *see also Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 282, ¶ 12 (App. 2010) ("The juvenile court is in the best position to make discretionary findings such as what constitutes good cause for failure to appear.") (citation omitted).

¶12 Mother argues the juvenile court abused its discretion in concluding her absence from the proceeding was voluntary. We disagree. Although Mother argues it is error to conclude a person is voluntarily absent from proceedings simply by virtue of committing voluntary acts the person knows may result in violation of her release conditions, *see State v. Chavez-Inzunza*, 145 Ariz. 362, 365 (App. 1985), there is no indication from the court's order that it employed such reasoning. Rather, the court concluded Mother had not adequately explained why she could not or did not contact her attorney, the court, or DCS to advise of her incarceration. *See supra* ¶ 7. This finding is supported by the record, which reflects Mother did not have any contact information "on her" at the time she was arrested and did not believe a call to DCS "was . . . an option for her." Mother did not explain what efforts she took, if any, to obtain publicly available contact information for her attorney, DCS, or the court in the two weeks between the date of her arrest and the date of the hearing. Nor did Mother present any evidence she attempted to advise the court of her circumstances through a friend, family member, or criminal counsel. Unexplained neglect is not excusable. *See Richas v. Superior Court*, 133 Ariz. 512, 515 (1982).

¶13 Mother also argues the juvenile court's finding is invalid because it is based, in part, upon facts of which the court improperly took judicial notice. Under Arizona Rule of Evidence 201(b), a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Even assuming the local jail's general practices regarding telephone access do not fit within the purview of Rule 201(b), the court's error does not render its conclusion reversible absent a showing of resulting prejudice. *See Lashonda M. v. Ariz. Dep't of Econ. Sec.*,

210 Ariz. 77, 82-83, ¶ 19 (App. 2005) (citation omitted); *see also Alice M. v. Dep't of Child Safety*, 237 Ariz. 70, 73, ¶ 12 (App. 2015) (applying harmless error analysis to the juvenile court's error) (citation omitted). Mother's access to the telephone while incarcerated is immaterial where she did not establish she had acted reasonably in obtaining the telephone numbers she might have used had a phone been available.[4] We find no abuse of discretion.

**CONCLUSION**

**¶14** The order terminating Mother's parental rights to the Children is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[4] Because Mother has failed to show excusable neglect, we need not and do not address her contention that she had a meritorious defense to the allegations of the termination motion. *See Christy A.*, 217 Ariz. at 304, ¶ 16 (requiring the moving party show good cause by proving *both* excusable neglect *and* a meritorious defense).