NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

———————————————

EDWARD S., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, N.S., C.S., *Appellees.*

No. 1 CA-JV 17-0199
FILED 1-30-2018

———————————————

Appeal from the Superior Court in Maricopa County
No. JD32031

The Honorable Randall H. Warner, Judge

**AFFIRMED**

———————————————

COUNSEL

The Stavris Law Firm PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kenton D. Jones joined and Judge Thomas C. Kleinschmidt specially concurred.[1]

---

**T H O M P S O N**, Judge:

**¶1**         Edward S. (father) timely appeals the juvenile court's order finding that he did not have good cause for failing to appear at his continued severance trial and the court's subsequent order terminating his parental rights to N.S. and C.S. (collectively, the children). Because father has shown no error, we affirm.

**FACTUAL[2] AND PROCEDURAL HISTORY**

**¶2**         Father and Lori Ann M. (mother)[3] are the biological parents of N.S. and C.S. born in 2014 and 2016, respectively.

**¶3**         The Department of Child Safety (DCS) filed an out-of-home dependency petition concerning N.S. in January 2016, after father was involved in two separate domestic violence incidents: one where mother

---

[1] The Honorable Thomas C. Kleinschmidt, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2] "We view the facts in the light most favorable to upholding the juvenile court's order terminating parental rights." *Marianne N. v. DCS*, 240 Ariz. 470, 471 n.1, ¶ 1 (App. 2016) (citing *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010)).

[3] Mother's parental rights to the children were also severed, but she is not a party to this appeal.

was found unconscious in the street with N.S. and the other where mother ran after father into the street where mother and N.S. were struck by a car causing injury to N.S. Father has a history of substance abuse and tested positive for K2 spice, a tetrahydrocannabinol metabolite, and frequently failed to test as directed during the pendency of this case.

**¶4**         Father denied the allegations in the petition, but submitted the issue of dependency to the juvenile court for determination. The court found N.S. to be dependent as to father on March 31, 2016.[4]

**¶5**         At a hearing in June 2016, the juvenile court cautioned father that the case plan may change to severance and adoption if he continued to demonstrate a lack of engagement in services. Later that month, mother gave birth to C.S., and in August, DCS filed a second petition for out-of-home dependency alleging father was unable to provide C.S. with proper and effective parental care and control due to substance abuse. DCS referred father for transportation assistance and continued to refer father for drug testing. After a time, father occasionally began to refuse drug testing and eventually stopped testing altogether. Moreover, father never engaged in substance abuse counseling intake.

**¶6**         The juvenile court found C.S. dependent as to father on September 21, 2016, after father denied the allegations contained in the petition but submitted the issue of dependency to the court for determination.[5] The case plan was family reunification concurrent with severance and adoption. By that time, DCS had offered father substance abuse related services, a parent aide, a psychological evaluation, parenting classes, and transportation, but he was, at best, minimally compliant.

**¶7**         In mid-December 2016, the juvenile court changed the case plan to severance and adoption after father failed to appear for a report and review hearing without good cause. DCS subsequently moved to terminate father's parent-child relationship as to the children on December 29, 2016, on the grounds of abandonment and six and nine-month out-of-home placement while the children were under the age of three. DCS alleged that

---

[4] N.S. was found dependent as to mother on July 28, 2016.

[5] C.S. was found dependent as to mother on October 12, 2016.

father had never met C.S., although she was six months old by this time, that he had a history of domestic violence and substance abuse, and he did not engage in the services provided.

¶8         In January 2016, father accepted service of the termination motion, and the juvenile court notified father of the pre-trial conference date for the termination petition via a "Form 3 Notice to Parent in Termination Action" (Form 3)[6] which the court communicated and provided to father for acknowledgement by signature. Form 3 informed father:

> You are required to attend all termination hearings. If you cannot attend a court hearing, you must prove to the Court that you had good cause for not attending. If you fail to attend . . . without good cause, the Court may determine that you have waived your legal rights and admitted the grounds alleged in the motion/petition for termination. The Court may go forward with the Termination Adjudication Hearing in your absence and may terminate your parental rights to your child based on the record and evidence presented.

Ariz. R.P. Juv. Ct. Form 3.

¶9         The court scheduled father's severance hearing for April 11, 2017, but father did not attend because he was arrested earlier in the morning and was in custody.  Upon motion of DCS, the court continued the severance hearing for nine days.

¶10         On April 20, 2017, father again did not appear for the contested severance hearing.  This time, he was scheduled to appear in the Avondale Municipal court for an arraignment hearing at 9:30 a.m.  Father arrived late for his arraignment, and was subsequently arraigned on the afternoon calendar which precluded him from timely appearing in juvenile court.  DCS argued father's non-appearance was not for good cause, and by failing to appear, he waived his right to contest the allegations of the termination motion and requested the court proceed with the severance hearing. The court stated, "It would not have been difficult to be at his

---

[6] Form 3 advised father of the possible consequences of failing to appear without good cause pursuant to Arizona Rules of Procedure for the Juvenile Court 64(C) and 66(D)(2) as discussed *infra* ¶ 15 and footnote 8.

arraignment [timely] so that he could be here for our 1:30 hearing." The court then found father failed to appear without good cause and proceeded in his absence.

**¶11**        The juvenile court heard testimony from the DCS assigned case manager, and found that DCS's alleged grounds for termination were proven by clear and convincing evidence and that termination was in the children's best interests and the court proceeded to terminate father's parental rights as to the children.

**¶12**        This court has jurisdiction over father's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes (A.R.S.) §§ 8-235(A), 12-2101(A) and 12-120.21(A) and Ariz. R.P. Juv. Ct. 103-104 (2017).[7]

## ISSUE

**¶13**        The issue before us on appeal is whether the juvenile court abused its discretion in finding father lacked good cause for failing to appear at the rescheduled contested severance hearing, and its subsequent severance of father's parental rights.

## DISCUSSION

**¶14**        Father's counsel informed the juvenile court that father was aware of the 1:30 p.m. severance hearing and had sent counsel a text message at 12:59 p.m. saying, "I won't make it to court." Counsel argued father's non-appearance was for good cause because he was appearing before another court on a criminal matter. Father had received a notice of hearing and DCS's motion for termination, and the court previously warned father, in person and in writing, of the possible consequences for non-appearance through the Form 3 notice.

**¶15**        Arizona Rule of Procedure for the Juvenile Court (Rule) 66(D)(2)[8] provides the relevant provision guiding our analysis:

---

[7] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[8] The procedures of this rule give effect to A.R.S. § 8–863(C) (2014). *Manuel*

> If the court finds the parent . . . failed to appear at the *termination adjudication hearing* without good cause, had notice of the hearing, was properly served *pursuant* to Rule 64[9] and had been previously admonished regarding the consequences of failure to appear, including a warning that the hearing could go forward in the absence of the parent . . . and that failure to appear may constitute a waiver of rights, and an admission to the allegation[s] contained in the motion of petition for termination, the court may terminate parental rights based upon the record and evidence presented if the moving party or petitioner has proved grounds upon which to terminate parental rights.

Ariz. R. P. Juv. Ct. 66(D)(2) (emphasis added).

**¶16**        "[A] finding of good cause for failure to appear is largely discretionary." *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15

---

*M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 210, ¶ 14 (App. 2008); A.R.S. § 8–863(C) states:

> If a parent does not appear at the [termination adjudication] hearing, the court, after determining that the parent has been served as provided in subsection A of this section, may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the failure to appear. The court may terminate the parent-child relationship as to a parent who does not appear based on the record and evidence presented as provided in rules prescribed by the supreme court.

[9] Rule 64(C) provides that a notice of hearing accompanying a motion for the termination of parental rights "shall advise the parent . . . that failure to appear at the initial hearing, pretrial conference, status conference or *termination adjudication hearing*, without good cause, may result in a finding that the parent . . . has waived legal rights, including the right to trial to a jury, and is deemed to have admitted the allegations in the motion or petition." (Emphasis added).

6

(App. 2007) (internal citation omitted). "We therefore review the finding for an abuse of discretion and generally will reverse only if the juvenile court's exercise of that discretion was 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Id.* (quoting *LaShonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 83, ¶ 19 (App. 2005) (internal quotation and citation omitted)).

¶17    "The test of good cause is the same for an entry of judgment of default." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007) (citing *Webb v. Erickson*, 134 Ariz. 182, 185–86 (1982)). A motion to set aside a severance for failure to appear must show good cause in two respects: (1) mistake, inadvertence, surprise or excusable neglect, and (2) a meritorious defense to the motion to terminate exists. *Christy A.*, 217 Ariz. at 304, ¶ 16 (relying on Arizona Rule of Civil Procedure 55(c) (2006), which states that "[t]he court may set aside an entry of default for good cause and it may set aside a final default judgment under Rule 60[.]") (no good cause shown where father failed to appear after having been released from jail despite his affidavit that he had lost paper work regarding hearing dates en route to jail) (citations omitted). Excusable neglect exists if the neglect or inadvertence "is such as might be the act of a reasonably prudent person in the same circumstances." *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993).

¶18    Father did not file a motion to set aside below. We find no abuse of discretion in its determination that the first element of good cause was not satisfied here, where father's failure to attend was due to unexplained tardiness as to a required appearance in another court. This court has previously held, that in some, but not all cases, actual incarceration may be good cause for failure to appear. *See e.g. John C. v. Superior Court (Sargeant, III)*, 208 Ariz. 44, 48 ¶ 16 (App. 2004), superseded by statute on other grounds. This court has also upheld a court's finding of no good cause where a father arrived forty minutes past the set severance hearing time, despite father's argument that he had driven 1100 miles and was misinformed of the time of the hearing. *Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 281-82, ¶ 9 (App. 2010).

¶19    We find no abuse of discretion in the court's determination that father's failure to appear because he was running late to another court engagement, the first element of good cause was not satisfied. The court properly informed father as required by Rule 64 and admonished him of the possible consequences of any failure to appear, pursuant to Rule 66(D)(2).

¶20　　　　Father's appeal also failed to meet the second element of good cause which requires raising a meritorious defense to the motion to terminate. "A meritorious defense must be established by facts and cannot be established through conclusions, assumptions or affidavits based on other than personal knowledge." *Christy A.*, 217 Ariz. at 304–05, ¶ 16 (quoting *Richas v. Superior Court*, 133 Ariz. 512, 517 (1982)). Here, father offered no defense at all to the termination.

¶21　　　　Although father does not appeal the juvenile court's findings regarding the statutory grounds or best interests, we nonetheless conclude the record contains sufficient evidence to support the termination based on the grounds DCS asserted and the juvenile court's best interest findings. The court acted within its discretion in proceeding to the merits of DCS's motion to terminate father's parental rights. *See also Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248–49, ¶ 12 (2000) (reaffirming that a parent's right to custody and control of his or her own child while fundamental, is not absolute, and that severance of a parental relationship may be warranted where the state proves one of A.R.S. § 8–533's statutory grounds for termination by clear and convincing evidence). To terminate parental rights, the court must additionally find, by a preponderance of the evidence, that severance of the relationship is in the child's best interest. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). Because the juvenile court is in the best position to judge credibility and to weigh evidence, "we will accept the juvenile court's finding of fact unless no reasonable evidence supports those findings, and we will affirm a severance order unless it is clearly erroneous." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002). We do not reweigh the evidence, but "look only to determine if there is evidence to sustain the court's ruling." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

¶22　　　　DCS's motion to terminate father's parental rights stated three grounds for termination: (1) abandonment, (2) six-months out-of-home placement, and (3) nine-months out-of-home placement. At trial, the DCS case manager testified to the following: (1) both N.S. and C.S. were under the age of three and had been in out-of-home placement for periods of fifteen and eight months, respectively; (2) father provided no cards, gifts, letters, or monetary means of support to the children; (3) father did not maintain a normal parental relationship with the children and had neither seen N.S. in nine months nor ever met C.S.; (4) father has a history of substance abuse and had not only positive substance abuse tests but also thirty-two missed urinalysis tests; (5) although DCS tried to engage father

in services[10] to address his substance abuse and domestic violence issues, father never completed any services; and (6) father has "substantially neglected or willfully refused to remedy the circumstances that brought [the] two kids into an out-of-home placement." The testimony supports the court's conclusion that father is unable to discharge his parental duties on any of the grounds alleged, and DCS needed only to prove one statutory ground for termination.

¶23        The evidence also reasonably supports the juvenile court's additional finding, by a preponderance of the evidence, that severance of parental rights would be in the children's best interest. As the case manager stated, "the children need permanency and stability in a drug-free and domestic-violence-free home." DCS's case manager testified the children were in an adoptive placement and should that placement be unable to adopt, the children were nevertheless adoptable. Based on this evidence, it would not be in the children's best interests to remain in father's custody.

¶24        We find sufficient evidence exists to support the juvenile court's finding that father failed to appear at the rescheduled contested severance hearing without good cause and that the court did not err in severing father's parental rights.

---

[10] The DCS case manager testified that father was offered case management services, parent aide services, parenting classes, individual counseling, substance abuse assessment and treatment, transportation, urinalysis and hair follicle testing, domestic violence counseling, and supervised visitation. In fact, father was referred to substance abuse testing five or six times and domestic violence counseling twice, but each time he was closed out of services for lack of compliance.

**CONCLUSION**

¶25        For the foregoing reasons, we affirm.

KLEINSCHMIDT, J., Specially Concurring.

¶26        I concur only because, as the majority points out, Father did not file a motion to set aside the termination in which he could have stated good cause for his failure to appear or could have offered a meritorious defense.

