NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

PHILIP W., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.M., *Appellees*.

No. 1 CA-JV 19-0068

FILED 8-27-2019

---

Appeal from the Superior Court in Maricopa County
No. JD35620
The Honorable Sara Agne, Judge

**AFFIRMED**

---

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

¶1          Philip W. ("Father") appeals from a juvenile court order terminating his parental relationship to his child, Jordan. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          The department of child safety ("DCS") began to investigate Father and Jordan's mother, Aleena M. ("Mother"), when it received a report that Jordan had been born substance exposed to marijuana, methadone, and opiates.[1] During the investigation, Father admitted to DCS that he and mother actively used heroin during Mother's pregnancy and disclosed that they had used heroin together recently. DCS requested Father submit to a hair follicle test, which returned positive for methadone, codeine, morphine, and heroin. DCS then took temporary custody of Jordan and shortly thereafter filed an out-of-home dependency petition with the juvenile court. The juvenile court found Jordan dependent as to Father and established the case plan to family reunification concurrent with severance and adoption.

¶3          On January 8, 2019, DCS moved to change the case plan to severance and adoption, which the court granted over Father's objection. DCS subsequently filed a motion requesting the court terminate Father's parental relationship to Jordan under Arizona Revised Statutes ("A.R.S.") sections 8-533(B)(3) (chronic substance abuse) and -533(B)(8)(b) (six months' time-in-care). On February 7, 2019, the juvenile court held an initial severance hearing. At the hearing, Father expressed his desire to contest the motion for termination, and the court summarized and provided Father with a copy of a "Notice to Parent in a Termination Action," Ariz. R.P. Juv. Ct. Form 3 ("Form 3 Notice"). The Form 3 Notice informed Father that he was required to attend all termination hearings, and that if he failed to

---

[1]     Mother's parental rights to Jordan were terminated in the same proceeding, but she is not a party to this appeal.

attend any hearing without good cause, the juvenile court could determine that he waived his legal rights, admitted the grounds for termination alleged in the motion, and go forward with a termination adjudication hearing *in absentia*. It also notified Father that the court had scheduled a pretrial conference for March 7, 2019. Father signed the Form 3 Notice, thereby acknowledging he had received a copy of the document containing the date and time of the hearing.

¶4        On March 7, 2019, at the time scheduled for the pretrial conference,[2] Father failed to appear. Upon questioning by the court, Father's counsel explained:

> It sounds like he had the dates mixed up. He is at work currently. I asked if he would be able to call in. He's unable to do that because of where he is at work.

Father's counsel requested a brief continuance and that the court find good cause for Father's non-appearance at the pretrial conference. DCS asked the court to proceed in Father's absence and argued that, given the Form 3 Notice provided to Father, his alleged mistake concerning the date of the hearing was not good cause excusing his failure to appear. The juvenile court found as follows:

> [G]iven the admonitions to the parents given to them in person on February 7th by this Court, and their lack of appearance today and the lack of good cause shown, I will find that they have failed to appear without good cause and we may proceed in their absence to adjudicate the allegations in the Department's motion as they are deemed to have admitted those by their failure to appear.

The court then proceeded to hold a termination adjudication hearing.

¶5        DCS called Father's case manager to testify concerning the allegations in the termination motion. The case manager testified that:

_____

[2]        We note there is a discrepancy between the time specified in the minute entry for the pretrial conference and the certified transcript of the proceedings; the minute entry notes the hearing began at 11:11 AM while the transcript states the time the hearing started at 9:20 AM. However, we find this discrepancy irrelevant to this appeal because Father has only asserted that he mistook the date of the hearing, not the time set for the hearing.

(1) Father admitted to a long history of substance abuse, had tested positive for opiates, codeine, and heroin in March 2018, and had failed to test again since that date; (2) Father had been offered substance abuse testing and treatment programs, case management services, team decision-making meetings, transportation, case plan staffing, child and family team meetings, and parent aide services; and (3) Father had been closed out unsuccessfully from three referrals for substance abuse treatment due to lack of participation. The case manager also opined that termination of Father's parental relationship was in Jordan's best interests because his current placement was meeting his needs, termination would provide him with permanency and stability, he had bonded with a placement that was waiting to adopt him, and he was otherwise adoptable.

¶6        After the hearing, the court issued a signed order terminating Father's parental relationship to Jordan under both the chronic substance abuse and six months' time-in-care grounds. Father timely appealed, and we have jurisdiction under A.R.S. § 8-235(A) and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

### A.        The Juvenile Court Did Not Abuse Its Discretion by Denying Father's Motion to Continue the Pretrial Conference.

¶7        Father argues the juvenile court abused its discretion by denying his motion to continue the March 2019 pretrial conference. Specifically, Father contends the court erred by refusing to find that his failure to appear because of an "unintentional mix up of the hearing dates as well as his inability to participate [in] the hearing by telephone due to his work obligation[s]" constituted good cause to continue the hearing. "Motions to continue are addressed to the sound discretion of the trial court and its decision will not be reversed absent a clear abuse of discretion." *Yavapai County Juv. Action No. J-9365*, 157 Ariz. 497, 499 (App. 1988), *holding modified on other grounds by Maricopa County Juv. Action No. JS-7499*, 163 Ariz. 153, 157–58 (App. 1989). Under Arizona Rule of Procedure for the Juvenile Court 46(F), "[m]otions to continue shall be granted only upon a showing of good cause."

¶8        We find no abuse of discretion occurred here. The record shows that during the initial termination hearing in February 2019, the court provided Father with a Form 3 Notice and discussed its contents with him. The document, which Father signed, clearly and explicitly notified him of the correct date of the pretrial conference. Given these facts, we cannot

say the court abused its discretion by concluding Father had not shown good cause to continue the pretrial conference.

**B.      The Juvenile Court Did Not Abuse Its Discretion by Finding Father Failed to Appear Without Good Cause and Proceeding with the Termination Hearing in Father's Absence.**

**¶9**           Father also argues the juvenile court abused its discretion by converting the March 2019 pretrial conference into a termination hearing after finding Father failed to appear without good cause. Father contends the court should have accepted his excuse for failing to appear—that he mistook the date of the hearing and could not appear telephonically due to work obligations—and not gone forward with the termination hearing in his absence. We review the juvenile court's finding that a parent failed to appear without good cause for an abuse of discretion and will reverse only if "the juvenile court's exercise of that discretion was 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Adrian E. v. ADES*, 215 Ariz. 96, 101, ¶ 15 (App. 2007) (quoting *Lashonda M. v. ADES*, 210 Ariz. 77, 83, ¶ 19 (App. 2005)).

**¶10**          According to Arizona Rule of Procedure for the Juvenile Court 64(C), the juvenile court may "terminate parental rights by default if a parent fails to appear without good cause at any one of four types of court proceedings," including pretrial conferences. *Marianne N. v. DCS* ("*Marianne II*"), 243 Ariz. 53, 56, ¶ 16 (2017); *see also Adrian E.*, 215 Ariz. at 100, ¶ 12. To show good cause, a parent must show that "mistake inadvertence, surprise or excusable neglect exists." *Christy A. v. ADES*, 217 Ariz. 299, 304, ¶ 16 (App. 2007). "Excusable neglect exists if the neglect or inadvertence 'is such as might be the act of a reasonably prudent person in the same circumstances.'" *Id.* (quoting *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993))."The juvenile court is in the best position to make discretionary findings such as what constitutes good cause for failure to appear." *Bob H. v. ADES*, 225 Ariz. 279, 282, ¶ 12 (App. 2010).

**¶11**          Here, the juvenile court rejected the proffered reason for Father's failure to appear after finding that Father had been admonished at the initial termination hearing in February 2019 about the date of the pretrial conference and the potential consequences if he failed to appear. The record supports that finding and shows that Father received a copy of the Form 3 Notice with the correct date for the March 2019 pretrial conference. Under these circumstances, the court was well within its discretion to conclude that Father's alleged mistake regarding the date of the hearing was not good cause excusing his failure to appear. *See Marianne*

*N. v. DCS* ("*Marianne I*"), 240 Ariz. 470, 474, ¶¶ 16–17 (App. 2016) (no abuse of discretion where the parent was provided Form 3 notice and only assertion of good cause was a mistake regarding the date of the pretrial conference), *opinion vacated in part*, *Marianne II*, 243 Ariz. at 59, ¶ 32. Accordingly, the juvenile court did not err by going forward with the termination hearing *in absentia* and terminating Father's parental relationship.[3]

**CONCLUSION**

**¶12**      For the foregoing reasons, we affirm the order terminating Father's parental relationship to Jordan.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]     Father does not challenge the sufficiency of the evidence supporting termination of his parental relationship or any other aspect of the termination hearing. Father has therefore abandoned and waived any claim that the court erred by finding the alleged statutory grounds for termination or that termination of his parental relationship was in Jordan's best interests. *See Crystal E. v. DCS*, 241 Ariz. 576, 577–78, ¶¶ 5–8 (App. 2017). Nonetheless, as detailed above, reasonable evidence supports the juvenile court's findings.