393 P.3d 930

**BRENDA D., Appellant,**

v.

**DEPARTMENT OF CHILD SAFETY, Z.D., Appellees.**

**No. 1 CA–JV 16–0277**

Court of Appeals of Arizona, Division 1.

FILED 3/23/2017

Law Office of H. Clark Jones LLC, Mesa, By Clark Jones, Counsel for Appellant

Arizona Attorney General's Office, Phoenix, By Amber Pershon, Counsel for Appellee Department of Child Safety

Judge Paul J. McMurdie delivered the opinion of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

## OPINION

McMURDIE, Judge:

¶ 1 In this case, we are asked to determine if a parent has "failed to appear" for a termination adjudication hearing within the meaning of Arizona Revised Statutes ("A.R.S.") section 8–863(C) and Arizona Rule of Juvenile Procedure 66(D)(2), if the parent appeared approximately 25 minutes late. We are also asked to determine if the superior court improperly restricted a parent's counsel's participation at the hearing, and violated the parent's right to be heard by refusing to allow the parent to testify because of tardiness. We hold a parent has not "failed to appear" simply because he or she is tardy without good cause. We further hold the restriction placed on counsel prior to the parent's arrival at the hearing, and refusal to allow the parent to testify based on a tardy arrival, violated the parent's constitutional rights to due process. We therefore reverse and remand the case for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Brenda D. ("Mother") is the biological parent of Z.D., born in July 2005. Z.D. was born with Down Syndrome, and has permanent special needs.

¶ 3 In July 2014, the Department of Child Safety ("DCS") filed a dependency petition alleging Z.D. dependent due to Mother's neglect, unstable home, and mental illness. Z.D. was adjudicated dependent as to Mother in May 2015. In October 2015, DCS filed a motion to terminate the parent-child relationship between Z.D. and her parents.[1] DCS alleged three grounds for severance as to Mother: (1) history of substance abuse; (2) nine or more months in an out-of-home placement; and (3) fifteen or more months in an out-of-home placement.

¶ 4 The severance hearing was scheduled for two days, beginning on June 15, 2016. On the first day of the hearing, Mother's counsel informed the court that Mother was having severe back pain. The court continued the start of the hearing until the next day, but warned Mother's counsel that Mother needed to appear in person with medical documentation supporting her assertion of back pain. The next day, Mother was not present when the hearing began and, given her absence

---

1. Z.D.'s alleged Father R.N., J.F., or John Doe's parental rights were terminated due to abandonment. None of the alleged Fathers are a party to this appeal.

and the lack of an explanation, the superior court found Mother lacked good cause for her absence. The court then advised the parties, "[s]o, the only thing that [Mother's counsel] has an opportunity to address is the weight of the evidence, not the admissibility of the evidence." The hearing then went forward.

¶ 5 DCS called a department case manager to testify. After the direct examination, the superior court gave Mother's counsel limited opportunity to cross examine the case manager, reminding counsel he was limited to the "weight of the evidence."

¶ 6 Mother arrived 25 minutes after the hearing started, but prior to the close of DCS's case. Mother requested she be allowed to testify, and told the court her late arrival was due to a bus delay. The superior court denied Mother's request, and found Mother failed to appear in court at the start of the hearing without good cause.

¶ 7 The superior court found all three grounds for severance proven by clear and convincing evidence, and terminated Mother's parental rights. The court also found the severance was in Z.D.'s best interests. Mother timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 8–235(A), 12–120.21(A)(1) and –2101(A).[2]

### DISCUSSION

¶ 8 "A parent has a constitutional right to raise his or her child without governmental intervention." *Carolina H. v. ADES*, 232 Ariz. 569, 571, ¶ 6, 307 P.3d 996 (App. 2013) (citing *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000)). "The government may not interfere with that fundamental right unless a court finds that: (1) the parent is unable to parent the child for any reason defined by statute; and (2) the parent has been afforded due process." *Id.*

We view the facts "in the light most favorable to affirming the [superior] court's findings." *Manuel M. v. ADES*, 218 Ariz. 205, 207, ¶ 2, 181 P.3d 1126 (App. 2008). We do not reweigh the evidence on appeal. *Jesus M. v. ADES*, 203 Ariz. 278, 282, ¶ 12, 53 P.3d 203 (App. 2002).

¶ 9 Mother asserts her due process rights were violated. We are confronted with a situation where the superior court did not allow Mother to testify and restricted Mother's counsel's participation at the hearing because Mother did not appear at the start of the termination hearing.[3] For the reasons discussed below, we agree with Mother's claim. We reverse and remand the case to the superior court for further proceedings consistent with this opinion.

### A. Waiver of Rights for Failure to Appear at a Termination Hearing.

¶ 10 Arizona Revised Statutes section 8–863(C) provides as follows regarding when parents waive their legal rights and are deemed to have admitted the allegations contained in a motion filed pursuant to section 8–862(D) ("Permanency hearing"):

> If a parent does not appear at the hearing, the court, after determining that the parent has been served as provided in subsection A of this section, may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the failure to appear. The court may terminate the parent-child relationship as to a parent who does not appear based on the record and evidence presented as provided in rules prescribed by the supreme court.

A.R.S. § 8–863(C); *see also* § 8–537(C) (same directive for termination proceeding initiated by petition and analyzed in *Christy A. v. ADES*, 217 Ariz. 299, 173 P.3d 463 (App.

---

**2.** We cite to the current version of applicable statutes or rules when no revision material to this case has occurred.

**3.** We accept the superior court's discretionary finding Mother had no good cause for her failure to appear at the start of the termination hearing. *See Adrian E. v. ADES*, 215 Ariz. 96, 101, ¶ 15, 158 P.3d 225 (App. 2007) ("[A] finding of good

cause for a failure to appear is largely discretionary.") (quoting *John C. v. Sargeant*, 208 Ariz. 44, 47, ¶ 13, 90 P.3d 781 (App. 2004)); *Bob H. v. ADES*, 225 Ariz. 279, 282, ¶¶ 11–13, 237 P.3d 632 (App. 2010) ("The juvenile court is in the best position to make discretionary findings such as what constitutes good cause for failure to appear.").

2007)).[4] The Supreme Court has promulgated Rule 66(D)(2) to give effect to the statutory directives:

> If the court finds the parent ... failed to appear at the termination adjudication hearing without good cause shown, had notice of the hearing, was properly served pursuant to Rule 64 and had been previously admonished regarding the consequences of failure to appear, including a warning that the hearing could go forward in the absence of the parent ... and that failure to appear may constitute a waiver of rights, and an admission to the allegation[s] contained in the motion or petition for termination, the court may terminate parental rights based upon the record and evidence presented if the moving party or petitioner has proven grounds upon which to terminate parental rights.

Ariz. R.P. Juv. Ct. 66(D)(2).

¶ 11 Courts interpreting the statutes and rule have disagreed regarding when and how a superior court should apply a parent's failure to appear. *See Manuel M.*, 218 Ariz. at 214, ¶ 31, 181 P.3d 1126 (disagreeing with *Christy A.*, 217 Ariz. at 306, ¶ 24, 173 P.3d 463); *but cf. Bob H.*, 225 Ariz. at 283, ¶ 17, 237 P.3d 632 (agreeing with *Christy A.* in part). We add our voice to the interpretation of the statutes and rule as it applies to the facts of this case, and as noted below, disagree in part with the holding in *Bob H.*

¶ 12 In this case, we hold the superior court erred when it determined Mother failed to appear, because she arrived after the hearing started, but before the presentation of all evidence concluded. Further, even though Mother was present and prepared to proceed after DCS's portion of the case, the superior court erroneously found Mother waived her right to testify and to contest both the truth, as well as the sufficiency, of DCS's factual allegations supporting the grounds of severance, and to present evidence relevant to the best interests of her child.

¶ 13 In determining whether a parent failed to appear for purposes of waiver of his or her right to testify, we disagree with the decision and reasoning stated in *Bob H.*, 225 Ariz. at 282, ¶¶ 11–13, 237 P.3d 632. In *Bob H.*, mother arrived 30 minutes late, but before the close of DCS's case, and in time to testify in her own case. *See id.* This court affirmed the superior court's finding of no good cause for mother's failure to appear at the scheduled start of the hearing, and the court's waiver of mother's rights. *See id.* The court explained, "[w]hile it might be said that arriving late is better than not arriving at all, we cannot see how arriving late can constitute good cause for a failure to *timely* appear." *Id.* at 282, ¶ 12, 237 P.3d 632 (emphasis added).

¶ 14 The requirement to "timely appear," however, is prescribed neither by A.R.S. §§ 8–863(C), –537(C), nor by Rule 66(D).[5] Neither the statutes nor the procedural rule require a parent to be present during DCS's case, or during his or her own counsel's presentation of evidence outside of the parent's testimony. *See Manuel M.*, 218 Ariz. at 214, ¶ 31, 181 P.3d 1126.

¶ 15 Both sections 8–863(C) and –537(C) state: "If a parent does not appear at the hearing, the court ... may find that the parent has waived the parent's legal rights and is deemed to have admitted the allegations of the petition by the *failure to appear*." A.R.S. §§ 8–863(C), –537(C) (emphasis added). The word "timely" does not appear in either statute. *See id.* If the legislature intended to prescribe sanctions for the failure to *timely* appear, it would have included the

---

4. Although we have recognized that Article 5 of Title 8 is not applicable to the parental termination proceeding initiated by motion "except to the extent prescribed in § 8–863," A.R.S. § 8–532(C); *Adrian E.*, 215 Ariz. at 100, ¶ 13, 158 P.3d 225 (exception prescribed by § 8–863 not applicable), we have also concluded that sections 8–863(C) and –537(C) are consistent with each other and with Rule 66(D)(2). *Manuel M.*, 218 Ariz. at 210, ¶ 14, n.6, 181 P.3d 1126.

5. When interpreting statutes, we apply their plain language, unless doing so would lead to an absurd, illegal, or unconstitutional result. *Bilke v. State*, 206 Ariz. 462, 464, ¶ 11, 80 P.3d 269 (2003); *Merlina v. Jejna*, 208 Ariz. 1, 3, ¶ 7, 90 P.3d 202 (App. 2004) (the same rules of statutory construction apply in the interpretation of a procedural rule) (citing *Devenir Assocs. v. City of Phoenix*, 169 Ariz. 500, 503, 821 P.2d 161 (1991)).

word "timely," as it has done in various other sections of Title 8. *See, e.g.,* A.R.S. § 8–106.01(G) ("timely notices of claims of paternity"); A.R.S. § 8–390(A) and (D) (notice of scheduled proceedings to be provided "in a timely manner"); A.R.S. § 8–459(A)(1) ("timely permanency for children"); A.R.S. § 8–515.03(5) ("timely return of children to their natural parents"); A.R.S. § 8–530(A)(3) ("timely responses from agency personnel"); A.R.S. § 8–817(B)(4) and (5) ("timely disclosure of information"); A.R.S. § 8–822(A)(2) ("timely interview"); A.R.S. § 8–862(E) ("reasonable efforts to place the child in a timely manner in accordance with the permanency plan"); A.R.S. § 8–882(6) (requirement to keep a court "timely informed").

¶ 16 Similarly, Rule 66(D)(2) discusses the requirements and consequences of a parent's "failure to appear." Nowhere does the Rule discuss a "timely appearance" of a parent. Moreover, Rule 66(D) stresses the informal presentation of evidence, as much as "the requirements of due process and fairness permit." Ariz. R.P. Juv. Ct. 66(D).

¶ 17 Additionally, the permissive language used in sections 8–863(C) and –537(C) does not obligate the superior court to find a waiver, even in the case of a parent who did not appear at all. The statutes merely suggest the court "*may* find" the parent who "does *not appear* at the hearing ... has waived [his or her] legal rights and is deemed to have admitted the allegations of the petition." A.R.S. §§ 8–863(C) and –537(C) (emphasis added).

¶ 18 Therefore, we hold the superior court retains full discretion to assess "what constitutes good cause for failure to appear," *Bob H.,* 225 Ariz. at 282, ¶ 12, 237 P.3d 632, and to apply that discretion at the severance hearing as it deems proper. But

should a parent appear before the close of the hearing, such parent's due process rights cannot be violated by restricting the parent's participation. *See Manuel M.,* 218 Ariz. at 214, ¶¶ 28–31, 181 P.3d 1126. We also hold that only if a parent has failed to appear by the time both parties have fully presented their case, may the court treat the parent's absence as a waiver of the parent's legal rights and deem the parent to have admitted the well-pled factual allegations of the petition. *See* A.R.S. §§ 8–863(C) and –537(C). We further hold the superior court remains within its discretion to consider all evidence, even evidence presented by the parent after the close of the moving party's case, related to both the statutory grounds for severance as well as to the best interests of the child.

**B.   Fundamental Error Review.[6]**

¶ 19 DCS argues Mother failed to raise her due process argument in the court below, waiving it for our consideration on appeal. *See Dombey v. Phoenix Newspapers, Inc.,* 150 Ariz. 476, 482, 724 P.2d 562 (1986) (" '[A]s a general proposition an appellate court will not consider a question not first raised' in the trial court.") (quoting *Town of S. Tucson v. Bd. of Supervisors of Pima County,* 52 Ariz. 575, 582, 84 P.2d 581 (1938)). At the termination hearing, however, Mother objected to the superior court's denial of her right to testify. On the record, Mother herself repeatedly entreated the superior court for an opportunity to be heard, over the court's rejections. Though Mother "did not object with the 'magic words' of due process, [she] implicitly raised the ... argument[ ] below ... and ... preserved the issue for our review." *See Volk v. Brame,* 235 Ariz. 462, 469, ¶ 22, n.6, 333 P.3d 789 (App. 2014) (quoting *State v. Martinez,* 172 Ariz. 437, 440, 837 P.2d 1172 (App. 1992)).

---

6.   In her opening brief, Mother only challenges the limitation placed on counsel. Mother does not specifically argue that the limitation prevented counsel from calling Mother as a witness once she arrived. Generally, it is not our role to *sua sponte* address issues not raised by the appellant. *Crystal E. v. DCS,* 1 CA–JV 16–0236, 241 Ariz. 576, 578, 390 P.3d 1222, 2017 WL 897343, at *2, ¶ 6 (App. Mar. 7, 2017). While this court does not search the record for fundamental error, we will not ignore it when we find it. *Id.,* at ¶ 8. In this

case, because the issue of not allowing Mother to testify is intertwined with the issue concerning the restrictions placed on counsel, we chose to address the issue without asking for additional briefing from the parties. *Id.* ("[I]n the interests of justice and because of the inherent constitutional ramifications, if we discover [potential fundamental error] when considering a severance appeal, we *may* appropriately ask for supplemental briefing from the parties and consider whether reversal is warranted.") (emphasis added).

¶ 20 Regardless of any asserted waiver of this argument, the court's denial of Mother's right to testify was a fundamental error, because it " 'goes to the very foundation' of [the] case." *Monica C. v. Arizona Dept. of Economic Sec.*, 211 Ariz. 89, 94, ¶ 24, 118 P.3d 37 (App.2005) (quoting *Data Sales Co. v. Diamond Z Mfg.*, 205 Ariz. 594, 601, ¶ 31, 74 P.3d 268 (App. 2003)). Mother was prejudiced by the court denying her right to testify because she arrived before the presentation of all evidence concluded. *See Monica C.*, 211 Ariz. at 94–95, ¶ 25, 118 P.3d 37 (prejudice must be found to justify relief under fundamental error analysis).

## C. Denial of Right to an Effective Participation of Counsel.

¶ 21 Mother argues the superior court erred by instructing her attorney to address only the weight of the evidence, not its admissibility, when she failed to timely appear.[7] Mother asserts this instruction amounted to a denial of her right to effective participation of counsel. We agree.

¶ 22 "[T]he denial of the right to effective participation of counsel constitutes a denial of due process of law so gross as to lack a necessary attribute of a judicial determination." *Ariz. State Dep't. of Pub. Welfare v. Barlow*, 80 Ariz. 249, 253, 296 P.2d 298 (1956). A parent who has waived his or her right to contest DCS's factual allegations by failing to appear, nonetheless "retains [his or] her rights, through counsel, to attend and participate in the termination hearing, *pose evidentiary objections*, cross-examine witnesses, and present evidence relevant to the child's best interests." *Marianne N. v. DCS*, 240 Ariz. 470, 474, ¶ 13, 381 P.3d 264 (App. 2016) (emphasis added). The limitation on the scope of parent's rights in such a hearing does not limit the traditional means of attorney participation. *Manuel M.*, 218 Ariz. at 214, ¶ 31, 181 P.3d 1126. Parent's counsel, thus, has the right, among other rights, to call witnesses to challenge DCS in establishing the legal grounds for termination of the parent-child relationship. *See id.* at 214–15, ¶¶ 28–32, 181 P.3d 1126.

¶ 23 We disagree with *Christy A.*, 217 Ariz. at 306, ¶ 24, 173 P.3d 463, to the extent the holding "could be read to preclude a parent's counsel from 'contest[ing] the statutory bases for termination' and from presenting affirmative evidence to do so." *Manuel M.*, 218 Ariz. at 214, ¶ 31, 181 P.3d 1126 (quoting *Christy A.*, 217 Ariz. at 306, ¶ 24, 173 P.3d 463). We agree with *Manuel M.* in that, when a parent fails to appear, the parent's absence cannot be deemed as an admission of legal conclusions. 218 Ariz. at 214, ¶¶ 28, 30, 181 P.3d 1126 (superior court has a duty "to determine whether the grounds for termination have been proven by the record and evidence—a process that would become unnecessary if we construed a parent's failure to appear as a wholesale admission to the legal grounds contained in the allegations."). We disagree with *Manual M.* to the extent it limits counsel's ability to present affirmative evidence questioning the "factual allegations ... deemed admitted," *Id.* at ¶ 30.

¶ 24 In our opinion, a parent's waiver by his or her failure to appear does not apply until it becomes clear, at the close of the hearing, the parent actually failed to appear. *See* A.R.S. §§ 8–863(C), –537(C); Ariz. R.P. Juv. Ct. 66(D)(2). Only then, may the court apply the parent's waiver and deem admitted the well-pled factual allegations, whether pled in a motion pursuant to A.R.S. § 8–863(C), or in a petition pursuant to A.R.S. § 8–537(C).

¶ 25 Here, without being able to object to the admission of evidence, Mother's counsel could not effectively participate in the severance hearing. *See Marianne N.*, 240 Ariz. at 474–75, ¶ 13, 381 P.3d 264. The superior court's discretion in admitting or excluding evidence does not abridge Mother's due process right to present evidence, cross-exam witnesses, or object to evidence through counsel, "an important component of the fact-finding process, intended to enhance the accuracy of the [superior] court's determinations." *Manuel M.*, 218 Ariz. at 211–12, ¶ 21, 181 P.3d 1126.

¶ 26 We conclude the superior court abused its discretion in limiting the scope of

---

7. Prior to the hearing, Mother had filed various

objections to DCS's disclosure statement.

**158**

Mother's counsel's participation, and that Mother was denied a fair trial. *See Christy A.*, 217 Ariz. at 308, ¶ 31, 173 P.3d 463 (the superior court abuses its discretion when "the exercise of such discretion result[s] in a miscarriage of justice or deprive[s] one of the litigants of a fair trial") (quoting *O'Rielly Motor Co. v. Rich*, 3 Ariz.App. 21, 27, 411 P.2d 194 (1966)).

### D. Court's Flexibility to Manage Its Docket.

¶ 27 Nothing in this opinion should be construed to curtail the superior court's flexibility in managing its dockets. *See Findlay v. Lewis*, 172 Ariz. 343, 346, 837 P.2d 145 (1992) ("A trial court has broad discretion over the management of its docket. Appellate courts do not substitute their judgment for that of the trial court in the day-to-day management of cases."). But, the superior court's discretion has limits "and cannot be exercised unreasonably." *Volk*, 235 Ariz. at 468, ¶¶ 20–21, 333 P.3d 789 ("When the court allows *no* time to hear testimony, or when the time available for each necessary witness does not allow for meaningful direct testimony and efficient but adequate cross-examination, the court violates the parties' due process rights."); *Goldberg v. Kelly*, 397 U.S. 254, 268–69, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) ("The opportunity to be heard must be tailored to the capacities and circumstances of those who are to be heard."); *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 91, ¶ 29, 977 P.2d 807 (App. 1998) (time limits predetermined by the court "must be reasonable under the circumstances ... [and] should be sufficiently flexible to allow adjustment during [the hearing]"). Although due process requires the court to "remain sufficiently flexible in its allotment of time[,] ... we do not suggest that the court must indulge inefficient use of time by parties or their counsel." *Volk*, 235 Ariz. at 469, ¶ 22, 333 P.3d 789.

¶ 28 Here, Mother appeared within the time allotted for her case. She did not delay the hearing or request the regularly scheduled hearing time be extended to accommodate her late arrival. The court's calendar was thus not offended. Similarly, DCS was not prejudiced by Mother's readiness to testify prior to its case closure. Mother's late appearance caused no harm to the court, or DCS, and could reasonably have been accommodated.

### CONCLUSION

¶ 29 For the foregoing reasons, we reverse the superior court's severance of Mother's rights to Z.D., and remand for a new severance adjudication hearing regarding both the statutory grounds for termination and the bests interests of the child determination, consistent with this opinion.