NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TERRANCE K., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, H.K., *Appellees*.

No. 1 CA-JV 17-0035
FILED 7-20-2017

Appeal from the Superior Court in Maricopa County
No. JS18516, JD22804
The Honorable Allison S. Bachus, Judge

**VACATED AND REMANDED**

COUNSEL

Law Office of Denise L. Carroll, Scottsdale
By Denise L. Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee DCS*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge James P. Beene joined.

---

**B R O W N**, Chief Judge:

¶1 Terrance K. ("Father") appeals the juvenile court's order terminating his parental rights to his child, H.K., born in September 2015. Father argues the juvenile court "erred when it failed to allow a full and fair trial before severing [Father's] parental rights." Father asserts, in part, that the court deprived him of due process by "refusing to allow [Father] to testify." For the following reasons, and given the Department of Child Safety ("DCS's") concession that the court erred, we vacate the court's order terminating Father's parental rights to H.K. and remand for further proceedings.

¶2 DCS filed a petition to terminate Father's rights to H.K. on May 23, 2016. The juvenile court held an initial severance hearing on June 10, finding that service as to Father was not complete. DCS served Father by publication and by leaving the petition with his mother at an address believed to be Father's last known place of residence. The court held a "Severance Publication Hearing" on August 10, which Father did not attend. The court found that Father had received notice of the hearing and had failed to appear without good cause. The court further found that Father had "waived his legal rights and admitted the allegations in the termination petition," and stated it was "preserving the father's failure to appear."

¶3 The court set the matter for a status conference on January 4, 2017, to take testimony as to Father regarding the allegations of the petition for termination. Father was present at the status conference; however, the court noted Father's previous failure to appear had been preserved. The court explained to Father: "When a party fails to appear without good cause, the Court then can proceed in that party's absence. So, at this point, . . . you're determined to have waived your rights and admitted to the allegations in the motion for termination because you never appeared in court."

**¶4** The court also explained to Father that the hearing would go forward, that he was "welcome to stay and listen to [the] testimony," and that his counsel would be permitted to "challenge that testimony on [Father's] behalf." The DCS caseworker testified and Father's attorney cross-examined him. Following the caseworker's testimony, the court held the following exchange with Father:

> THE FATHER: Well, can I say something?
>
> THE COURT: No.
>
> THE FATHER: Okay.
>
> THE COURT: You can't provide a statement or testimony.
>
> THE FATHER: Okay. But you guys are going to sever my rights, though, and I can't say nothing? That's crazy.
>
> THE COURT: So, you're . . . not a witness in the case. And, therefore, we can't hear your statement without cross-examination and so forth. And, again, because you have failed to appear in this matter, you're deemed to have admitted to the allegations in the motion and waived your rights.

The court then granted DCS's petition for termination, and this timely appeal followed.

**¶5** When a parent fails to appear at a termination hearing, the court "may find that the parent has waived [his] legal rights and is deemed to have admitted" the factual allegations of the petition. Ariz. Rev. Stat. ("A.R.S.") § 8-863(C); *Manuel M. v. Dep't Econ. Sec.*, 218 Ariz. 205, 213, ¶ 28 (App. 2008) (holding that when a parent fails to appear at a severance hearing, he "admits only the factual contentions contained in the motion"). The court may then terminate that parent's rights to his child "based on the record and evidence presented." A.R.S. § 8-863(C); Ariz. R.P. Juv. Ct. 65(C)(6)(c). However, if a parent appears at the hearing before completion of the presentation of evidence, the parent's due process rights are violated if the court restricts his or her participation. *Brenda D. v. Dep't of Child Safety*, 393 P.3d 930, 936, ¶ 18 (App. 2017). "[O]nly if a parent has failed to appear by the time both parties have fully presented their case, may the court treat the parent's absence as a waiver of the parent's legal rights and deem the parent to have admitted the well-pled factual allegations of the petition." *Id.* Therefore, in cases in which the parent appears before the "close of the

3

moving party's case," the parent must be permitted to contest the facts supporting the statutory basis for termination and to testify regarding the child's best interests. *See id.* at ¶ 22 (recognizing right of parent's counsel to call witnesses to challenge "the legal grounds for termination of the parent-child relationship")*; see also Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 306, ¶ 24 (App. 2007) (holding that a parent who has failed to appear retains the right to participate and testify regarding best interests).

**¶6** Here, Father was present at the outset of the status conference, before presentation of any evidence, and he entreated the court to allow him to speak against the petition. Consistent with *Brenda D.*, 393 P.3d at 936-37, ¶¶ 19-20, Father's waiver, due to his earlier failure to appear, did not apply until DCS had presented its evidence supporting the petition for termination. Thus, the juvenile court erred when it declined to allow Father the opportunity to testify and otherwise challenge the merits of the petition for termination. DCS has not contested this error and concedes the matter must be remanded. We therefore vacate the court's order terminating Father's parental rights to H.K. and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA