NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DAVID S., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, K.S., *Appellees.*

No. 1 CA-JV 17-0031
FILED 7-27-2017

Appeal from the Superior Court in Maricopa County
No.  JD 528384
The Honorable Janice K. Crawford, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Ashlee N. Hoffmann
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia K. Norris[1] joined.

---

**C A M P B E L L**, Judge:

¶1        The sole issue on appeal is whether Father's untimely appearance at a pretrial conference regarding a motion to terminate parental rights constituted a "failure to appear" without good cause under Arizona Rule of Procedure for the Juvenile Court 64(C). Because the juvenile court did not abuse its discretion in finding that Father failed to appear without good cause and entering an order terminating his parental rights, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        David S. ("Father") is a biological parent to K.S., born in July 2008. The Department of Child Safety ("DCS") took temporary physical custody of K.S. in January 2015 and filed a dependency action alleging K.S. dependent due to Father's neglect. The juvenile court subsequently adjudicated K.S. dependent.[2] In October 2016, DCS moved to terminate the parent-child relationship, alleging fifteen or more months in out-of-home placement.

¶3        At the initial hearing on DCS's motion for termination, the juvenile court set a pretrial conference for January 11, 2017. Father was present and admonished, both verbally and in writing, of the possible consequences of his failure to appear at that hearing. Father was not present for the majority of the pretrial conference, which the court began approximately 25 minutes after the scheduled start time. At the

---

[1]        The Honorable Patricia K. Norris, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]        DCS filed its dependency action against both Mother and Father alleging neglect of K.S. The juvenile court adjudicated K.S. dependent as to both parents and terminated both parents' legal rights; however, Mother is not a party to this appeal.

commencement of the hearing, the juvenile court asked if anyone had information regarding Father's whereabouts. Father's counsel stated he had "no idea" about Father's whereabouts. The DCS caseworker informed the court she sent a taxi to pick up Father, but after arriving at the designated location, the driver was unable to locate Father. The court found "no good cause for Father's failure to appear." DCS advised the court it was prepared to proceed. It then presented evidence supporting the allegations in the motion to terminate Father's parental rights. *See generally* Ariz. R.P. Juv. Ct. 64(C) (court may deem parent's failure to appear without good cause at a pretrial conference on a pending termination motion as an admission of the allegations in the motion). Father's counsel presented no evidence on Father's behalf, but was given the opportunity to do so by the juvenile court.

¶4        After the juvenile court received the evidence, prior to entering its findings, the court confirmed Father had been advised of the consequences of failing to appear. The court then found there was "no good cause" for his failure to appear. While the court was making its statutory findings on the basis for termination, Father entered the courtroom. The juvenile court asked Father why he arrived late. Father responded that the taxi had not arrived to pick him up. The juvenile court informed Father that if he filed a motion, it would reconsider whether there was good cause for Father's failure to appear. The court then found the ground for termination, fifteen months out-of-home placement, proven by clear and convincing evidence and that termination was in the best interests of the child. The juvenile court entered an order terminating Father's parental rights.

¶5        Father moved for reconsideration. After considering the motion and DCS's response, the juvenile court denied Father's motion, again finding no "good cause" for his failure to appear. Without addressing any of the factual arguments offered by the parties in their motion papers,[3] the court focused on Father's failure to communicate with his attorney or the court about his transportation issues the morning of the pretrial conference. Specifically, it found that Father failed to "provide any explanation as to why he did not try to reach his attorney or the [c]ourt if,

---

[3]        The parties presented conflicting arguments about whether the taxi had arrived at the designated location at the requested time. Both parties attached unsworn exhibits to their motion papers, which are not material to the juvenile court's finding. *See* Ariz. R.P. Juv. Ct. 45(A) (admissibility of evidence); Ariz. R. Evid. 901(a) (proponent of evidence required to produce evidence sufficient to support finding that item is what proponent claims it is).

as he contends, he was having transportation problems." We have jurisdiction over Father's appeal of termination under A.R.S. §§ 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

¶6        Father does not challenge the juvenile court's finding of a statutory ground for termination or its best interests finding. Instead, Father argues that the juvenile court terminated his parental rights "because [he] appeared late for the pre-trial conference hearing," or essentially terminated his rights in "default." We disagree. The juvenile court terminated Father's rights because it found a ground for termination under A.R.S. § 8-533(B)(8)(c) and that termination was in K.S.'s best interest under A.R.S. § 8-533(B).

¶7        Father next argues that in his motion for reconsideration he demonstrated good cause for failing to appear. Reviewing the juvenile court's order for an abuse of discretion, *Frank R. v. Mother Goose Adoptions*, 239 Ariz. 184, 190, ¶ 21 (App. 2016), we reject this argument.

## I.    Waiver of Rights

¶8        A court may terminate parental rights only after: (1) finding by clear and convincing evidence that at least one of the statutory grounds for termination is met, and (2) finding by a preponderance of the evidence that termination is in the best interests of the child. *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 329, ¶ 18 (App. 2007).

¶9        A court may consider a parent's failure to appear at a pretrial conference on a pending termination motion as an admission of the allegations of the motion and thus a waiver of the opportunity to contest the motion's allegations if the parent has received proper notice of the hearing. Ariz. R.P. Juv. Ct. 64(C).[4] A court may terminate parental rights, based on the record and evidence presented, if the court finds: the parent had notice of the proceeding; was properly served and admonished as to the possible consequences of failing to appear; was advised the hearing could proceed in his or her absence; was advised that a failure to appear may constitute a waiver of legal rights and admission of the allegations contained in DCS's petition. Ariz. R.P. Juv. Ct. 64(C); *see also* A.R.S. § 8-537(C).

---

[4]        Neither side argues the constitutionality of Rule 64(C). *See Marianne N. v. DCS*, 240 Ariz. 470 (App. 2016) (review granted in part April 18, 2017).

¶10          The record is clear: Father did not appear at the pretrial conference until after the court found there was no good cause for his failure to appear, after it received evidence from DCS supporting the allegations in the motion, and as it was setting forth its findings of fact and conclusions of law. This court has previously held that a juvenile court may treat a parent's absence at a hearing as a waiver of his or her legal rights and deem the parent to have admitted the allegations in the petition if the parent "failed to appear by the time both parties have fully presented their case." *Brenda D. v. Dep't of Child Safety*, 761 Ariz. Adv. Rep. 41, 47, ¶ 18 (App. 2017). Accordingly, the juvenile court did not abuse its discretion in proceeding without Father and terminating his parental rights based on the record and evidence presented.

## II.    Good Cause

¶11          To demonstrate good cause for a failure to appear, a parent must show the existence of "(1) mistake, inadvertence, surprise or excusable neglect" and "(2) a meritorious defense to the claim." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007) (citation omitted). The juvenile court is in the best position to make findings as to what constitutes good cause for failure to appear. *Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 282, ¶ 12 (App. 2010); *see also Brenda D.*, 761 Ariz. Adv. Rep. at 47, ¶ 18 (juvenile court retains "full discretion" in determining what constitutes good cause for failure to appear) (citation and quotation omitted).

¶12          Here, as they did in the juvenile court, the parties dispute whether transportation issues outside Father's control prevented him from appearing at the hearing. As discussed above, the juvenile court did not address the conflicting factual arguments of the parties, and found Father had failed to demonstrate good cause because he had not provided any explanation as to why he had not contacted the court or his own counsel. Importantly, Father has not contested this finding on appeal. Accordingly, Father has failed to show the juvenile court abused its discretion in making this finding, and rejecting Father's good cause argument.

¶13          Further, Father failed to raise a meritorious defense to the termination of his parental rights in his motion to reconsider. Thus, Father failed to satisfy the second prong of the good cause analysis. *See supra* ¶ 11. Accordingly, the juvenile court did not abuse its discretion in finding Father had not shown good cause for his failure to appear at the pretrial conference.

## CONCLUSION

**¶14**       For the foregoing reasons, we affirm the juvenile court's order terminating Father's parental rights to K.S.

