NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LANDELL M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, N.M., *Appellees*.

No. 1 CA-JV 17-0180
FILED 10-26-2017

Appeal from the Superior Court in Maricopa County
No.  JD529885
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda L. Adams
*Counsel for Appellee Department of Child Safety*

_____

**MEMORANDUM DECISION**

Judge Thomas C. Kleinschmidt[1] delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Peter B. Swann joined.

_____

**K L E I N S C H M I D T**, Judge:

**¶1**         Landell M. ("Father") appeals the superior court's order terminating his parental rights to N.M.  Because we conclude that Father failed to establish good cause for his failure to appear at the severance hearing, we affirm the superior court's order severing Father's parental rights to N.M.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**         Father is the biological parent of N.M., born in January 2011. The Department of Child Safety ("DCS") took custody of N.M. in April 2016 on allegations of neglect by Mother[2] and abandonment by Father.  In June 2016, the superior court adjudicated N.M. dependent as to Father.  Father contacted DCS for the first time in late January 2017.  Before these proceedings, Father had not seen N.M. since he was a baby.

**¶3**         In February 2017, DCS filed a motion to terminate Father's parental rights on the ground of abandonment.  Father personally appeared at the initial severance hearing, and the superior court appointed him counsel and continued the hearing to March 20, 2017.  On February 25, 2017, DCS served Father with copies of the termination motion and notice of the termination hearing by leaving them at his residence with his roommate. The documents included notice that a hearing would occur on March 20, 2017, and that his failure to appear at the hearing, "without good cause shown, may result in a finding that you have waived your legal rights and have admitted the allegations in the Motion," and "the hearing may go

_____

[1]         The Honorable Thomas C. Kleinschmidt, retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

[2]         Nicole T. ("Mother") is not a party to this appeal.

forward in your absence and may result in termination of your parental rights based upon the record and the evidence presented to the Court."

**¶4** Father failed to appear at the severance hearing on March 20, 2017. Father's attorney did not know of "any reason for . . . why [Father was] not appearing by phone" as permitted by the court. The court found Father had been properly served, had notice of the proceedings and the consequences of his failure to appear, and had nonetheless failed to appear without good cause shown. The court then proceeded with the termination hearing in Father's absence.

**¶5** The court found that clear and convincing evidence supported terminating Father's parental rights on the abandonment ground and that termination was in N.M.'s best interests. The court filed its final order terminating Father's parental rights on March 31, 2017. The day prior, Father filed a motion to set aside the termination order, claiming he had good cause for failing to appear because "[a]s a result of his [recent] incarceration, he was ordered that he could not return to his place of residence" and that he was therefore unable to contact "counsel or the Court on the scheduled court date." The court scheduled oral argument on Father's motion to set aside for April 13, 2017, and after a hearing, the court denied the motion.

**¶6** On April 13, 2017, Father timely appealed the order terminating parental rights "signed March 29, 2017 and filed March 31, 2017." This was one day before the order denying the motion to set aside the severance order.

## DISCUSSION

**¶7** DCS argues that we do not have jurisdiction of this appeal because Father only appealed the severance order filed on March 31, 2017, but did not expressly appeal the court's order of April 14, 2017, denying his motion to set aside the severance order. We disagree. The motion to set aside was denied by operation of law when the court entered its final judgment, and this court has appellate jurisdiction over the denial of the motion to set aside the order as well as the order itself. *See Atchison, Topeka & Santa Fe Ry. Co. v. Parr*, 96 Ariz. 13, 15 (1964) (holding that motions not ruled upon at the time of judgment are deemed denied by operation of law). The trial court expressly ruled on the issue of Father's failure to appear at the severance hearing and the record on appeal contains both Father's motion to set aside and the accompanying transcript of oral argument. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution,

Arizona Revised Statutes ("A.R.S.") sections 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A).

**¶8**     The right to custody of one's child is fundamental, but it is not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11–12 (2000). To support termination of parental rights, one or more of the statutory grounds for termination must be proven by clear and convincing evidence. A.R.S. § 8-537(B). In addition, the court must find by a preponderance of the evidence that termination is in the best interests of the child. A.R.S. § 8-533(B); *Mario G. v. Ariz. Dep't. of Econ. Sec.*, 227 Ariz. 282, 285, ¶ 11 (App. 2011).

**¶9**     We review the superior court's order severing a parent's rights for an abuse of discretion. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, ¶ 8 (App. 2004). A court's determination of good cause for a parent's failure to appear is discretionary, reviewed for abuse of discretion, and generally reversed only if the court's decision was "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007). Father does not argue that the grounds for termination were inadequate. We accept the juvenile court's finding as to the statutory ground for termination, and the finding that termination is in the best interests of the child. *See Michael J.*, 196 Ariz. at 249, ¶ 13; *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577, ¶ 5 (App. 2017).

**¶10**     If a parent is properly served with a motion for termination, has notice of a hearing, and is advised of the consequences for failing to appear, but does not appear and no good cause is shown for that failure, the superior court may find the parent waived his rights and is deemed to have admitted the statutory bases for termination as alleged in the motion. *See* A.R.S. § 8–537(C); *see also* Ariz. R.P. Juv. Ct. 65(C)(6)(c); *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶¶ 13–14 (App. 2007). "The superior court retains full discretion to assess 'what constitutes good cause for failure to appear,' and to apply that discretion at the severance hearing as it deems proper." *Brenda D. v. Dep't of Child Safety*, 242 Ariz. 150, 156, ¶ 18 (App. 2017) (citation omitted). Additionally, the superior court may set aside an order terminating parental rights following a parent's failure to appear if there is good cause shown that: (1) mistake, inadvertence, surprise, or excusable neglect exists; and (2) a meritorious defense to the underlying claim exists. *Christy A.*, 217 Ariz. at 304, ¶ 16. Excusable neglect exists if the neglect or inadvertence occurs from the "act of a reasonably prudent person in the same circumstances." *Ulibarri v. Gerstenberger*, 178 Ariz. 151,

163 (App. 1993). "A meritorious defense must be established by facts and cannot be established through conclusions, assumptions or affidavits based on other than personal knowledge." *Richas v. Superior Court (Motorola, Inc.)*, 133 Ariz. 512, 517 (1982).

¶11 Father does not dispute that he was properly served with the motion for termination and had previously received notice that his parental rights could be terminated if he failed to attend proceedings without good cause; he only argues the superior court erred in concluding he lacked good cause for his failure to appear.

¶12 Father asserts he failed to appear at the August 17 hearing because, upon being released from jail on March 7, 2017, a court prohibited his access to his residence where he kept his court-related documentation, including the contact information for the court, DCS, and his counsel. Father argues that this predicament, caused by his compliance with a court order, constitutes excusable neglect as to why he failed to personally or telephonically appear at the severance hearing. However, as the superior court found, Father did not explain what efforts he took, if any, to obtain publicly available contact information for his attorney, DCS, or the court in the two weeks between the date of his release from jail (March 7, 2017) and the date of the hearing (March 20, 2017). Father failed to present any evidence that he attempted to advise the court of his circumstances through a friend, family member, DCS caseworker, or counsel. Further, in direct conflict with Father's contention, a DCS caseworker testified that after the imposition of the March court order restricting his access to his home and his paperwork, Father called DCS. During that phone call that occurred on the Friday preceding the Monday hearing, a DCS caseworker reminded Father of the hearing date and time and offered him transportation to the hearing, which Father declined. As such, no evidence was provided showing that Father took any of the potential steps that a reasonably prudent person would have taken in similar circumstances to ensure participation in a court proceeding where termination of parental rights was at issue. Unexplained neglect is not excusable. *See Richas*, 133 Ariz. at 515.

¶13 Just as Father failed to show mistake, inadvertence, surprise, or excusable neglect, he further failed to show that a meritorious defense to the underlying claim exists. Father does not advance any defense to the underlying claims, and does not argue that the statutory grounds for severance were not met, or that severance was not in the best interests of the child. The superior court did not abuse its discretion in determining that Father lacked good cause for his failure to appear at the severance

hearing, and the superior court did not abuse its discretion in severing Father's parental rights or denying his motion to set aside that order.

**CONCLUSION**

¶14 For the foregoing reasons, we affirm the superior court's order severing Father's parental rights to N.M.



AMY M. WOOD • Clerk of the Court
FILED: AA