NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LINDSAY A., ANDREW W., *Appellants*,

*v.*

DEPARTMENT OF CHILD SAFETY, X.F., L.A., A.A., L.W., A.W., S.W.,
*Appellees*.

No. 1 CA-JV 17-0122
FILED 11-28-2017

Appeal from the Superior Court in Maricopa County
No. JD529176
The Honorable Arthur T. Anderson, Judge

**REVERSED AND REMANDED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant Lindsay A.*

John L. Popilek, PC, Scottsdale
By John L. Popilek
*Counsel for Appellant Andrew W.*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge James P. Beene and Judge Kent E. Cattani joined.

---

**S W A N N**, Judge:

¶1        This is an appeal from an order terminating parental rights after the juvenile court found waiver based on failure to appear. The juvenile court deemed the parents to have waived legal rights and admitted the termination motions' allegations when they, without authorization, appeared at a pretrial conference by telephone instead of in person. Accordingly, the parents' ability to participate in the termination adjudication hearing was limited. We reverse the termination order and remand for a new termination adjudication hearing. On this record, application of waiver constituted abuse of discretion. Even if the parents' failure to appear in person was entirely unjustified, their telephonic rather than physical presence at the purely organizational hearing posed no threat to the prompt resolution of the case.

## FACTS AND PROCEDURAL HISTORY

¶2        Lindsay A. ("Mother") and Andrew W. ("Father") are the biological parents of minor children L.W., A.W., and S.W. In addition, Mother is the biological parent of minor children X.F., L.A., and A.A.[1] In 2015 and 2016, on petitions by the Department of Child Safety ("DCS"), the juvenile court found the children dependent as to their parents. Then, in 2016 and 2017, DCS moved to terminate Mother and Father's parental rights.

¶3        The court repeatedly informed Mother and Father that they were required to attend all termination hearings, and that their failure to do so could result in the court finding waiver and terminating their rights based on the record and evidence presented. The court found good cause for the parents' telephonic participation at an initial hearing and pretrial conference in January 2017. But when Mother and Father again attempted to participate telephonically at the next hearing—a pretrial conference—the

---

[1]        X.F., L.A., and A.A.'s fathers, whose parental rights also were severed, are not parties to this appeal.

court found no good cause for their physical absence, found that they had waived their appearance, and granted DCS's request to convert the pretrial conference into a termination adjudication hearing.

**¶4**        Mother and Father listened as DCS presented evidence, including the testimony of the children's case worker.  Mother and Father's attorneys were permitted to cross-examine the case worker, but counsel proffered no evidence on behalf of their clients.  The court terminated Mother and Father's parental rights at the conclusion of the hearing. Mother and Father timely appeal.

## DISCUSSION

**¶5**        The government may not interfere with a parent's fundamental right to raise his or her child unless a court, affording the parent due process, finds that he or she is unable to parent the child for a reason defined by statute.  *Brenda D. v. Dep't of Child Safety*, 242 Ariz. 150, 154, ¶ 8 (App. 2017) (review granted Oct. 17, 2017).  Parental rights may not be severed absent "fundamentally fair procedures."  *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005) (citation omitted).

**¶6**        When a parent fails without good cause to appear at a pretrial conference in motion-initiated termination proceedings, the juvenile court has discretion to find that the parent has waived legal rights and admitted the motion's allegations.  *Marianne N. v. Dep't of Child Safety*, CV-16-0259-PR, 2017 WL 4228661, at *1, ¶¶ 1–2 (Ariz. Sept. 25, 2017) (holding that Ariz. R.P. Juv. Ct. ("Rule") 64(C) and A.R.S. § 8-863(C) are harmonious and that rule's application to pretrial proceedings does not violate separation of powers); *see also id.* at *3, ¶ 16 (confirming that Rule 64(C) is not merely a notice provision).  Such a finding does not relieve the movant of its burden of proof, but it does permit the court to proceed immediately to the evidentiary phase of the proceedings—the termination adjudication hearing—and it limits the parent's ability to participate in that hearing.  *See id.* at *4, 6, ¶¶ 22, 25; *Brenda D.*, 242 Ariz. at 157, ¶ 25; *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 213–15, ¶¶ 28–32 (App. 2008); *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 306, ¶ 24 (App. 2007). The waiver rule allows the court to incentivize parents' attendance and avoid delayed resolution of a child's status.  *Marianne N.*, 2017 WL 4228661, at *6, ¶ 25.

**¶7**        The juvenile court "retains full discretion to assess 'what constitutes good cause for failure to appear,' and to apply that discretion at the severance hearing as it deems proper."  *Brenda D.*, 242 Ariz. at 156, ¶ 18

(citation omitted). But waiver must be applied in view of the purpose it serves and the due process right it curtails. As illustrated by our recent decision in *Brenda D.* (on which our supreme court recently granted review), overly rigid application of waiver constitutes abuse of discretion. In *Brenda D.*, the mother failed to appear at the time set for the termination adjudication hearing. *Id.* at 153–54, ¶ 4. Finding no good cause for the mother's absence, the court found waiver and conducted the hearing without her. *Id.* Approximately thirty minutes later, before the close of DCS's case for termination, the mother arrived and asked to testify. *Id.* at 154, ¶ 6. The court denied the mother's request and terminated her parental rights. *Id.* at ¶¶ 6–7. We reversed, holding that "a parent has not 'failed to appear' [for purposes of Rule 66(D)(2), which authorizes waiver for failure to appear at a termination adjudication hearing] simply because he or she is tardy without good cause." *Id.* at 153, ¶ 1. We further held: "[S]hould a parent appear before the close of the hearing, such parent's due process rights cannot be violated by restricting the parent's participation. . . . [O]nly if a parent has failed to appear by the time both parties have fully presented their case, may the court treat the parent's absence as a waiver of the parent's legal rights and deem the parent to have admitted the well-pled factual allegations of the petition." *Id.* at 156, ¶ 18.

¶8 Here, as in *Brenda D.*, Mother and Father's participation in the termination proceedings was imperfect—they attempted to appear telephonically without permission. *See* Rule 42 (providing that "court may permit telephonic testimony or argument or video conferencing in any . . . termination of parental rights hearing[ ]" on the court's motion or on written motion by a party); *see also Willie G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 231, 234, ¶ 14 (App. 2005) (recognizing court's discretion under Rule 42). But on this record the defect in their manner of participation, even if completely unjustified, posed no threat to the matter's timely progression toward resolution on the merits. The hearing was set as a pretrial conference. The record reveals no suggestion that the parents' telephonic participation would have interfered with the purposes of that conference in any significant way. The hearing, as scheduled, did not require the court to hear testimony or assess the credibility of any party or witness—the hearing was to be a case-management proceeding, not an evidentiary one. *See* Rule 66(A) (providing that burden of proof is to be satisfied at a termination adjudication hearing); *cf. Willie G.*, 211 Ariz. at 234–35, ¶¶ 13, 17 (holding that juvenile court did not abuse its discretion by refusing to permit parents to appear telephonically at contested dependency hearing). To the extent that Mother and Father's personal participation in the hearing might have been necessary, the fact that such participation would have been telephonic would not have prevented the

parties and the court from satisfying the hearing's purely organizational goals. *Cf. State v. Moore*, 203 Ariz. 515, 518, ¶ 11 (App. 2002) ("Telephonic *testimony* thwarts the purposes of the Confrontation Clause in that the jury cannot 'observe the demeanor, nervousness, expressions, and other body language of the witness.'") (emphasis added and citation omitted); *State v. Dann*, 205 Ariz. 557, 572, ¶ 54 (2003) (holding that criminal defendant may waive right to be present at all phases of trial). On this record, the juvenile court abused its discretion by finding that Mother and Father's failure to appear in person justified a forfeiture of rights. *Cf. Estate of Lewis v. Lewis*, 229 Ariz. 316, 324–26, ¶¶ 19–26 (App. 2012) (emphasizing extreme limits on discretion to impose case-dispositive sanctions under civil rules for party's nonappearance at pretrial conference).

## CONCLUSION

¶9　　　　For the foregoing reasons, we reverse the termination order and remand for a new termination adjudication hearing on all issues.



AMY M. WOOD • Clerk of the Court
FILED: AA