NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PEDRO C., *Appellant*,

*v.*

ADALID B., A.C., *Appellees*.

No. 1 CA-JV 17-0388
FILED 4-12-2018

Appeal from the Superior Court in Maricopa County
No. JS19044
The Honorable Alysson H. Abe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kenton D. Jones joined.

**M O R S E**, Judge:

¶1        Pedro C. ("Father") challenges the juvenile court's order terminating his parental rights to A.C.  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        Adalid B. ("Mother") filed a private petition to terminate Father's parental rights on the ground of abandonment[2] on June 2, 2017.  *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533.

¶3        On June 22, 2017, the juvenile court set a status review hearing without appearances and an initial severance hearing.  The following month, Mother filed a notice of affidavit of service.  Three days later, the court signed an order affirming the initial severance hearing date and advised Mother that the notice of hearing should include a warning to Father that failure to appear at the initial hearing could result in an adjudication terminating his parental relationship to the child.  The court held a status review hearing without appearances on July 31, 2017, and found service was complete as to Father on June 25, 2017.

¶4        The juvenile court held the initial severance hearing, as scheduled, on August 14, 2017.  At the beginning of the hearing, Father was not present, and the court again found service to be complete.  Father's counsel indicated that she had no prior contact with Father and stated that she sent him the petition, letters, and Form III.[3]  Counsel further stated that

---

[1] This court views the evidence in a light most favorable to sustaining the juvenile court's findings.  *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008).

[2] It is unclear whether Mother intended to reference domestic violence and substance abuse in the petition as grounds for termination.

[3] Form III, in relevant part, admonishes parents that

> If you fail to attend the Initial Termination Hearing, Termination Pre-trial Conference, Status Conference, or Termination Adjudication Hearing without good cause, the

Mother shared Father's telephone number with her approximately ten minutes earlier and that a call and text message to the number were not answered. Counsel requested a continuance arguing that she did not know whether Father received her mailings and had no previous contact with him. The court found Father had no good cause for failing to appear and moved forward with the termination proceeding at Mother's and the guardian ad litem's request. After the close of evidence, and as the court was making its findings on the record, Father called his counsel and made himself available telephonically. The court declined to allow Father to appear telephonically for the remainder of the hearing.

**¶5** The court terminated Father's parental rights finding that he failed to appear without good cause and therefore waived his legal rights and admitted to the allegations in the termination petition. The court further found that Mother proved abandonment by clear and convincing evidence and that termination was in A.C.'s best interests. Father timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A).

## DISCUSSION

**¶6** On appeal, Father neither challenges the juvenile court's finding of his failure to appear without good cause nor does he contest the findings that clear and convincing evidence supported the termination of his parental rights and termination was in A.C.'s best interests. He has therefore waived these arguments on appeal. *See City of Phoenix v. Fields*, 219 Ariz. 568, 573, ¶ 23 (2009) ("Generally, we do not address arguments raised in the trial court but not in the court of appeals."); *see also* ARCAP 13(a)(7)(B) (arguments must contain "references to the record on appeal where the particular issue was raised and ruled on").

**¶7** Instead, Father argues the juvenile court violated his due process rights when it denied his participation in the hearing after he

---

Court may determine that you have waived your legal rights and admitted the grounds alleged in the motion/petition for termination. The Court may go forward with the Termination Adjudication Hearing in your absence and may terminate your parental rights to your child based on the record and evidence presented.

Ariz. R.P. Juv. Ct. Form 3.

contacted his counsel and advised her that he intended to contest the termination. Father relies on *Brenda D. v. Department of Child Safety*, 242 Ariz. 150 (App. 2017), to argue that because he contacted counsel after the close of evidence but before the conclusion of the hearing, the court impermissibly denied him the right to contest the allegations.

**¶8** Our decision in *Brenda D.*, however, was vacated by the Arizona Supreme Court in *Brenda D. v. Department of Child Safety*, 243 Ariz. 437 (2018), which held the following:

> If the parent does not appear before the termination adjudication hearing concludes, then the waiver of the parent's legal rights is effective throughout the hearing, and at its completion (that is, at the close of evidence, when the matter is submitted for the court's decision), the parent will be deemed to have admitted the factual allegations in the motion.

*Id.* at 437, ¶ 24 (citing A.R.S. § 8-863(C)).

**¶9** Here, the record shows that Father called his counsel after the close of evidence and while the court was delivering its findings. Because Father did not contact his counsel until after the close of evidence, the hearing was complete, and Father was too late to contest the proceedings. Because Father cannot show that the superior court erred, his due process rights were not violated.

## CONCLUSION

**¶10** For the foregoing reasons, we affirm the juvenile court's order terminating Father's parental rights to A.C.

